UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:19-cr-66-JA-PRL

CARLOS EDUARDO HAMPTON, JR.

ORDER

Before the Court is Defendant Carlos Eduardo Hampton, Jr.'s motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (Doc. 310). The Government filed a response in opposition to the motion (Doc. 313). Based on the Court's review of the parties' submissions, the motion (Doc. 310) must be denied.

I. BACKGROUND

In January 2020, Hampton pleaded guilty to two counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 55; Doc. 95; Doc. 98; Doc. 118). On July 24, 2020, the Court sentenced Hampton to concurrent 97-month terms of imprisonment for the robbery and felon-in-possession offenses. (Doc. 169). A 97-month term of imprisonment was a bottom-of-the-guideline sentence for Hampton, who, at sentencing, had a total offense level of 28 and a criminal history category of III—

resulting in a guideline range of 97 to 121 months of imprisonment. (Doc. 170).

After Hampton's sentencing, in 2023, Amendment 821 to the Sentencing Guidelines became effective. *See* U.S. Sent'g Comm'n, *Adopted Amendments (Effective November 1, 2023)*, Amend. 821. Amendment 821 applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio*, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024).

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). Under § 3582(c)(2), if a defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, the Court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(2). However, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* And the Court must consider the 18 U.S.C. "§ 3553(a) factors to the extent that they are applicable." *Id.* The defendant has "the burden of

proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

### III. DISCUSSION

The Government concedes that Hampton is eligible for a ten-month sentence reduction under Amendment 821. Under the amendment, his criminal history category is reduced from III to II, and with his offense level of 28, he has "an amended guideline range of 87 to 108 months" imprisonment. (Doc. 313 at 3).

However, even though Hampton is eligible under Amendment 821, a sentence reduction is unwarranted because the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction. The nature and characteristics of the offense and Hampton's history and characteristics weigh against a sentence reduction. § 3553(a)(1). The instant offenses involved Hampton and his co-defendants stealing dozens of firearms. (*See* Doc. 95 at 27, 31). Hampton and his co-defendants would use a sledgehammer to smash into stores and then use it to smash open display cases and take over a dozen firearms before meeting another codefendant outside at their getaway car. (Doc. 164 at 8–12). The only thing preventing Hampton from stealing more firearms in the first offense instance was shatterproof glass that he "failed to break despite . . . repeated blows with a sledgehammer." (*Id.* at 9).

3

Given the number of firearms stolen, a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. And a sentence reduction would not protect the public from further crimes of Hampton, who has had seven disciplinary incidents since his incarceration, (Doc. 300 at 3), including threatening bodily harm and disruptive conduct.

## IV.   CONCLUSION

Accordingly, Hampton's motion for a sentence reduction (Doc. 310) is **DENIED**.

**DONE** and **ORDERED** on October 2, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Carlos Eduardo Hampton, Jr.